December 7th, 1815,
JUDGE CABELL
pronounced the following opinion of the Court.
Eew cases have occurred in which the pleadings have been more unnecessarily multiplied, protracted and entangled. — In the obscurity and perplexity thus thrown over the case, the difficulty is more in ascertaining than in deciding the points in controversy.
The special pleas of the defendant in the Court below presented, each of them, a complete bar to the action of the plaintiff, provided the facts therein relied upon were true. — To these pleas the plaintiff both replied and demurred. To the replications there were demurrers and joinders therein ; and there were also joinder sin the demurrers of the plaintiff to the pleas of the defendant. —Not deciding whether it was competent to the plaintiff to' reply and to demur to the same pleas, but admitting his right to do so, the Court is of opinion that the law, both upon the defendant’s demurrers to the plaintiff’s replications, and upon the plaintiff’s demurrers to the defendant’s pleas, was in favour of the defendant ; in the *first case, because the replications were answers to a part only of each of the defendant’s pleas, and therefore did not remove the bar which the pleas, taken altogether, presented to the action ; and, in the second case, because the facts in the pleas were admitted by the demurrers, which facts, as before stated, presented a complete bar.
This case shews the propriety of the de-cisión of this Court in the case of Green v. Dulany, (2 Munf. 518,) that, where there is an issue of fact, and also a demurrer, the demurrer ought first to be decided. By pursuing this course, if the Court below had correctly decided the demurrer, the parties would have been saved the expense, and the-Court would have been saved the time of trying the issue by a Jury. We do not understand the opinion of the Court, however, in that case, as deciding that this, irregularity would, of itself, be sufficient to reverse a judgment to which there should be no other objection. — In the case now before the Court, there are other and stronger objections ; an improper judgment upon the demurrers of the defendant, and an omission to pronounce any judgment on the demurrers of the plaintiff. The Court is therefore of opinion, that the judgment be reversed, and that judgment be entered for the appellant.

 Ejectment. — See monographic note on ’'Ejectment” appended to Tapscott v. Cobbs, 11 Gratt. 178.